UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14387-Cannon/McCabe

PNC BANK, N.A.,

    Plaintiff,

v.

ANDREW M. DEMOS,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff's Amended Motion for Attorneys' Fees (DE 31) ("Motion"), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 32). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion (DE 31) be **GRANTED IN PART** and **DENIED IN PART.**

**I.     BACKGROUND**

On November 18, 2022, Plaintiff filed a single-count complaint against Defendant alleging he breached a Line of Credit Agreement ("LOC Agreement") by defaulting on a loan (DE 1). Defendant, who was served with Plaintiff's complaint, failed to file a responsive pleading (DE 8, DE 9, DE 10). As a result, on March 28, 2023, the District Court entered a final default judgment against Defendant, later corrected on April 19, 2023, to reflect a total amount of $118,027.12, exclusive of attorneys' fees and costs (DE 17, DE 19).

On July 28, 2023, Plaintiff filed this Motion, seeking an award of prevailing party attorneys' fees (DE 31). Defendant has failed to respond to the Motion and the time to do so has expired.

## II.     DISCUSSION

Plaintiff requests $6,469.50 in attorneys' fees for 39.10 hours of work performed by six timekeepers from January 20, 2022 through May 18, 2023 (DE 31-1 at 2-3). Plaintiff asserts it is entitled to its reasonable attorneys' fees as the prevailing party in this case pursuant to a contractual provision in the LOC Agreement authorizing such fees (DE 31 at 2-4). The Court will first discuss entitlement first, then amount.

### A.     Entitlement

The choice-of-law provision in the LOC Agreement provides that New York law governs the rights of the parties under that contract (DE 31 at 2-4, DE 1-2 at 2, 6 ¶ 31). Because jurisdiction in this case is based on diversity of citizenship, the Court must apply the choice-of-law rules of Florida, the forum state. *Rando v. Gov't Employees Ins. Co.*, 556 F.3d 1173, 1176 (11th Cir. 2009). Under Florida law, contractual choice-of-law provisions are presumptively enforceable. *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 932 (11th Cir. 2013). The Court will therefore apply New York law pursuant to the parties' agreement.

The LOC Agreement provides that Plaintiff is entitled to its attorneys' fees to be paid by the defaulting Defendant as follows:

> Upon default … [w]e may hire or pay someone else to help us collect this account if you fail to pay in accordance with this Agreement. You agree to pay our collection costs (including, without limitation, the cost of in-house attorneys and staff), whether or not we hire anyone else to help us collect this account. This includes, subject to any limits under applicable law, our attorneys' fees and legal expenses whether or not there is a lawsuit, including attorney's fees and legal expenses for bankruptcy proceedings (including efforts to vacate or modify the automatic stay or injunction), appeals and any anticipated post judgement collection services. In addition to all other sums provided by law, you will also pay any court costs if not prohibited by applicable law.

(DE 1-2 ¶ 18).

Under New York law, a prevailing party may collect attorneys' fees and costs from the non-prevailing party if such an award is authorized by the contract. *S. Coal Corp. v. Drummond Coal Sales, Inc.*, 28 F.4th 1334, 1344 (11th Cir. 2022). To qualify as a prevailing party, that party "must simply prevail on the central claims advanced, and receive substantial relief in consequence thereof." *Id.* (cleaned up). Because Plaintiff received final judgment in its favor on Plaintiff's claim for breach of the LOC Agreement, Plaintiff is the prevailing party (DE 16). The Court therefore finds there is a sufficient basis for Plaintiff to recover its reasonable attorneys' fees in this case.

### B.     Amount

Having found entitlement, the Court now turns to amount. New York adheres to the lodestar method to determine a reasonable attorneys' fee award. *NRT New York, LLC v. Cepeda*, No. 13-81033-CIV, 2016 WL 4081129, at *3 (S.D. Fla. July 15, 2016), *R. & R. adopted*, 2016 WL 4150766 (S.D. Fla. Aug. 3, 2016). That is, to achieve a reasonable attorneys' fee award, the Court multiplies the number of hours reasonably expended on the case by the reasonable hourly rate. *Id.* The fee applicant bears the burden to prove reasonableness. *Id.* In addition, the Court may use its own experience in assessing the reasonableness of attorneys' fees. *Id.*

#### 1.     Hourly Rates

The first step in calculating the lodestar is to determine reasonable hourly rates. Here, Plaintiff requests its fees for the work performed on this case charged at a rate of $235.00 per hour for work performed by four attorneys and a rate of $135.00 per hour for work performed by two paralegals (DE 31-1 at 2). The Court finds the requested rates to be reasonable. *See PNC Bank, N.A. v. Colmenares Bros., LLC*, No. 21-CV-24229, 2022 WL 16950221, at *8 (S.D. Fla. Oct. 25, 2022), *R. & R. adopted*, 2022 WL 16949728 (S.D. Fla. Nov. 15, 2022) (finding similar hourly rates reasonable in a similar case); *PNC Bank, N.A. v. Colmenares Bros., LLC*, No. 21-CV-24229, 2022

WL 4631908, at *9 (S.D. Fla. Aug. 29, 2022), *R. & R. adopted*, 2022 WL 4598684 (S.D. Fla. Sept. 30, 2022) (same).

### B.  Hours Spent

The next step in calculating the lodestar is to determine the reasonable number of hours expended on the case. Plaintiff requests attorneys' fees for 39.10 hours of work (DE 31-1 at 2). In support, Plaintiff provided a time log that contains a breakdown of tasks performed, including dates, time spent, and descriptions of work (DE 31-1 at 5-14). Having reviewed the billing entries, the Court finds these hours should be reduced due to certain billing deficiencies, including the following:

- Portions of Plaintiff's evidence show inconsistencies. In particular, Plaintiff's Affidavit as to Attorneys' Fees and Costs purports to show fees totaling $6,469.50 (DE 31-1 at 2-3), whereas the attached billing records show fees totaling $6,013.50 (DE 31-1 at 14).

- The billing records show multiple timekeepers billing for the same task (DE 31-1 at 6-7 – three timekeepers billed to revise complaint); (DE 31-1 at 7 – two timekeepers billed to finalize the complaint); (DE 31-1 at 8-9 – two timekeepers billed to review the order directing Plaintiff to seek Clerk's default); (DE 31-1 at 9 – two timekeepers billed to review the Clerk's default).

- The billing records show duplicative billing entries for the same timekeeper (DE 31-1 at 13) (the same timekeeper billed twice on the same day to review the final default judgment).

- The billing entries show billing for administrative tasks (DE 31-1 at 7-8 – billing for filing and preparing documents).

- The billing entries show billing by six timekeepers, which the Court finds excessive for a case of this size and level of complexity.

Based on the above issues, the Court finds an adjustment to the loadstar to the appropriate. In making adjustments to the loadstar, courts need not make line-by-line reductions to billing entries but can instead apply an across-the-board cut. *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997). In this regard, courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.*

Based on the Court's own independent review of the billing records submitted, the Court finds an across-the-board reduction of 10% should be applied to account for the concerns discussed above. *See Fleetwood Services, LLC v. Ram Capital Funding, LLC*, No. 20-CV-5120 (LJL), 2023 WL 112429, at *9 (S.D.N.Y. Jan. 5, 2023) (reducing fee award by 15% "as a practical means of trimming fat from a fee application") (cleaned up). The Court will therefore apply a 10% reduction to the amount supported by the billing records, i.e., $6,013.50, and award Plaintiff $5,412.15 in attorneys' fees (reducing the total by $601.35, or 10%).

### III.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Amended Motion for Attorneys' Fees (DE 31) be **GRANTED IN PART** and **DENIED IN PART** and that Plaintiff be awarded $5,412.15 in attorneys' fees.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties

from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 24th day of August 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

6