UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14387-CIV-CANNON/McCabe

**PNC BANK, N.A.**,

      Plaintiff,

v.

**ANDREW M. DEMOS**,

      Defendant.
_____/

### ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Plaintiff's Amended Motion for Attorney's Fees (the "Motion"), filed on July 28, 2023 [ECF No. 31]. Pursuant to the parties' choice-of-law provision in the parties' Line of Credit Agreement (the "LOC Agreement") [ECF No. 1-2 p. 2, ¶¶ 18, 31], New York state law governs Plaintiff's Amended Motion for Attorney's Fees. Because jurisdiction in this case is based on diversity of citizenship, the Court must apply the choice-of-law rules of Florida, the home state. *Rando v. Gov't Employees Inc. Co.*, 556 F.3d 1173, 1176 (11th Cir. 2009). Under Florida's choice of law rules, contractual choice-of-law provisions are presumptively enforceable. *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 932 (11th Cir. 2013). The Court therefore applies New York law pursuant to the parties' agreement in the LOC Agreement [ECF No. 1-2 p. 2, ¶¶ 18, 31].

Under New York law, a prevailing party may collect attorneys' fees and costs from the non-prevailing party if such an award if authorized by the contract. *S. Coal Corp. v. Drummond Coal Sales, Inc.*, 28 F.4th 1334, 1344 (11th Cir. 2022). Because Plaintiff received final judgment in its favor on Plaintiff's claim for breach of the LOC Agreement [ECF Nos. 16, 17], Plaintiff is

the prevailing party. New York adheres to the "lodestar" method to determine reasonable attorneys' fee award. *NRT New York, LLC v. Cepeda*, No. 13-81033-CIV, 2016 WL 4081129, at *3 (S.D. Fla. July 15, 2016), *R&R adopted*, 2016 WL 4150766 (S.D. Fla. Aug. 3, 2016). Under that method, to achieve a reasonable attorneys' fee award, the Court multiples the number of hours reasonably expended on the case by the reasonable hourly rate. *Id.* The fee applicant bears the burden to prove reasonableness. *Id.* Additionally, the Court may use its own experience in assessing the reasonableness of attorneys' fees. *Id.*

Here, Plaintiff seeks attorney's fees in the amount of $6,469.50 [ECF No. 31-1 p. 3]. On August 24, 2023, following referral [ECF No. 32], Magistrate Judge Ryon M. McCabe issued a Report recommending that Plaintiff's Motion be granted in part and denied in part [ECF No. 33 pp. 5–6]. The Report recommends a reduction in the award of attorney's fees based on inconsistencies in Plaintiff's billing, duplicative billing entries, billing for administrative tasks, and excessive billing entries for a case of this size and level of complexity [ECF No. 33 pp. 4–5]. Specifically, the Report recommends an award to Plaintiff of $5,412.15 in attorney's fees [ECF No. 33 p. 5]. No objections to the Report have been filed, and the time to do so has expired [ECF No. 33 p. 5].

Upon review, the Court finds the Report to be well-reasoned and correct.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 33] is **ACCEPTED**.

2. Plaintiff's Amended Motion for Attorney's Fees [ECF No. 31] is **GRANTED IN PART AND DENIED IN PART**.

3. Plaintiff is awarded attorney's fees in the amount of **$5,412.15**.

CASE NO. 22-14387-CIV-CANNON/McCabe

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 20th day of September 2023.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:    counsel of record